IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE J. ALLSBERRY | * | |
| v. | * | CIVIL ACTION NO. RDB-11-2124 |
| PUBLIC DEFENDERS OFFICE | * | |
| | *********** | |
| TYRONE J. ALLSBERRY | * | |
| v. | * | CIVIL ACTION NO. RDB-11-2671 |
| JOHN S. WOLFE, et al., | * | |
| | ************ | |

## MEMORANDUM OPINION

On July 29, 2011, the Court received Tyrone J. Allsberry's "Motion for Order to Compel the Complete Shut Down of the Public Defender's Office." ECF No. 1. Construed as a Petition for Writ of Mandamus, the Petition was denied. ECF No. 3. Construed as a Petition for Habeas Corpus relief filed pursuant to 28 U.S.C. § 2254, Petitioner was directed to supplement same. *Id.* The Court received Petitioner's Court-directed Supplement; because Petitioner failed to include the case number it was docketed as a new case. See ECF No. 1, Civil Action No. RDB-11-2671. On September 27, 2011 the undersigned ordered the cases consolidated. ECF No. 4.

Respondents have filed a limited answer to the Petition (ECF No. 5), making this case ready for dispositive review. Petitioner has replied. ECF No. 8. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

## Procedural History

Allsberry pleaded guilty on July 29, 2008, in the Circuit Court for Baltimore City to one

count of second degree murder and a related handgun offense. He was sentenced, on September 19, 2008, to 30 years incarceration, all but 15 years suspended, with five years supervised probation upon release. ECF No. 5, Ex. 1. His did not file an application for leave to appeal. *Id*. Allsberry has not pursued any post judgment relief. *Id*.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art.§§ 7-101 et seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State,* 6 A. 3d 907 (2010); *Williams v. State*, 292 Md. 201, 210-11 (1981). Allsberry has not begun post-conviction review and his Petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Allsberry is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[1] Should he wish to refile this petition

---

[1] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

once he has exhausted his available state court remedies, Allsberry should take care not to miss this deadline.[2]

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The Court will not issue a COA because Petitioner has not made the requisite showing.

---

The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Respondents argue that Petitioner's claim is already time barred.  ECF No. 5. The Court declines to reach this issue at this time, given the unexhausted nature of Petitioner's claims.

A separate order follows.

February 15, 2012　　　　　　　　　　　_____/s/_____  
Date　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE